IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON NELSON WARD, III, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-00413 (RBW) |
| NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA, et al. | ) |
| Defendants. | ) |

## ANSWER

Defendants CitiMortgage, Inc. ("CMI") and Karen Clark ("Clark") (hereinafter referred to collectively as "CitiMortgage"), by their attorneys, appear specially to deny that they are subject to the jurisdiction of this court, and deny that they are subject to personal jurisdiction for the claims asserted in the Complaint. Reserving their personal jurisdiction defense, CitiMortgage answers the Amended Complaint (the "Complaint) in this case as follows:

1.  Responding to paragraph 9 of the Complaint (paragraphs 1-8 are used to list the parties to this action), CitiMortgage is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph as to residency of the parties. CitiMortgage admits that it has its principal place of business in Missouri and that Clark is a resident of Missouri. CitiMortgage specifically denies that either CMI or Clark are properly subject to the jurisdiction of this Court, and deny that there is personal jurisdiction over either of them for the matters asserted in the Complaint. CitiMortgage also denies the remaining averments of this paragraph.

2. Responding to paragraph 10 of the Complaint, CitiMortgage admits that it has a loan with plaintiff through the Neighborhood Assistance Corp. of Am. ("NACA"). CitiMortgage denies the remaining averments of this paragraph.

3. Responding to paragraph 11 of the Complaint, CitiMortgage is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

4. Responding to paragraph 12 of the Complaint, CitiMortgage is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

5. Responding to paragraph 13 of the Complaint, CitiMortgage denies the averments therein.

6. Responding to paragraph 14 of the Complaint, CitiMortgage is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

7. Responding to paragraph 15 of the Complaint, CitiMortgage admits that it services a mortgage loan, for which plaintiff is the mortgagor. CitiMortgage is without knowledge or information sufficient to form a belief as to the truth the other averments of this paragraph.

8. Responding to paragraph 16 of the Complaint, CitiMortgage is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

9. Responding to paragraph 17 of the Complaint, CitiMortgage denies the averments of this paragraph.

10. Responding to paragraph 18 of the Complaint, CitiMortgage denies that plaintiff is entitled to a trial by jury against CMI or Clark, and denies all other averments therein.

11. Responding to paragraph 19 of the Complaint, CitiMortgage denies that plaintiff is entitled to any relief against CMI or Clark and denies all other averments therein.

12. Responding to paragraph 1 of the Amended Pleading, CitiMortgage is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

13. Responding to paragraph 2 of the Amended Pleading, CitiMortgage is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

14. Responding to paragraph 3 of the Amended Pleading, CitiMortgage denies the averments therein.

15. Responding to paragraph 4 of the Amended Pleading, CitiMortgage denies the averments therein.

## GENERAL DENIAL

Any averments in the Complaint not specifically admitted above are hereby denied. CitiMortgage generally denies liability as to the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

CMI is not subject to personal jurisdiction in this Court for the claims asserted in the Complaint.

SECOND DEFENSE

Clark is not subject to personal jurisdiction in this Court for the claims asserted in the Complaint.

THIRD DEFENSE

The Complaint fails to state a claim against CMI upon which relief can be granted.

FOURTH DEFENSE

The Complaint fails to a state claim against Clark upon which relief can be granted.

FIFTH DEFENSE

Plaintiff's claims are barred under the doctrines of waiver, estoppel, and consent.

SIXTH DEFENSE

Plaintiff's claims are barred by laches and/or the applicable statutes of limitations.

SEVENTH DEFENSE

Plaintiff's claims are barred by the statute of frauds.

EIGHTH DEFENSE

Plaintiff is not entitled to any recovery from CitiMortgage under a theory of vicarious liability and/or his claims against CitiMortgage are barred by the doctrine of *ultra vires*.

NINTH DEFENSE

Plaintiff lacks standing to assert some or all of the claims set forth in the Complaint.

TENTH DEFENSE

In the event that CitiMortgage is found liable to plaintiff in any amount for any reason, all such liability is the responsibility of others, over whom CitiMortgage had no control and for whom CitiMortgage should not be responsible. Alternatively, the liability of CitiMortgage should be reduced in proportion to the fault of others. To the extent that plaintiff subsequently

enters into a settlement agreement with any party, CitiMortgage is not responsible for such party, and claims credit for such party's proportion of fault and/or payments to plaintiff.

## ELEVENTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## TWELFTH DEFENSE

Neither CMI nor Clark has breached any contractual or other duty to plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by, and/or their damages should be reduced by, the doctrines of comparative fault, assumption of risk, unclean hands, *in pari delicto*, mistake, illegality, consent, ratification and/or fraud.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead fraud with particularity with respect to CMI and/or Clark.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of release or merger.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to an award of damages, and even if he is, he is not entitled to an award of punitive damages, and any such award would be unconstitutional under local and federal law.

## EIGHTEENTH DEFENSE

CitiMortgage incorporates by reference any other matter constituting an avoidance or affirmative defense on legal or equitable grounds, including the defenses to the Complaint asserted by any other defendant in this action.

WHEREFORE, CitiMortgage prays for the entry of judgment in favor of CMI and Clark and against plaintiff and for such other, additional, or further relief that may be appropriate.

Dated: April 6, 2007

                                              Respectfully submitted,

                                              _____/s/ David M. Souders_____
                                              David M. Souders, Esq.
                                              (DC Bar No. 441491)
                                              Bruce E. Alexander, Esq.
                                              (D.C. Bar No. 494470)
                                              WEINER BRODSKY SIDMAN KIDER PC
                                              1300 19th Street, N.W. 5th fl.
                                              Washington, DC  20036
                                              (202) 628-2000

                                              Attorneys for CitiMortgage and Clark
                                              Appearing specially and without waiving the
                                              defense of no personal jurisdiction

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 6th day of April, 2007, that copies of the foregoing Answer were mailed first class postage prepaid and addressed to the following:

| | |
|---|---|
| Milton Nelson Ward III<br>3141 Buena Vista Terrace SE<br>Apt. 3<br>Washington, DC  20020 | Neighborhood Assistance Corporation of America<br>and<br>Bruce Marks, President<br>43 Sheridan Street<br>Boston, MA  02130 |
| Tammy Johnson<br>NACA HAND Director<br>and<br>Jason Tinoco<br>NACA Senior HAND Coordinator<br>4219 McCullough<br>San Antonio, TX  78212 | |

　　　　　　　　　　　　　　　　　　　　_____/s/ David M. Souders_____
　　　　　　　　　　　　　　　　　　　　David M. Souders

F:\96063\033\lbea2398Answer.doc