IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON NELSON WARD, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No.  07- 00413 (RBW) |
| | ) |
| NEIGHBORHOOD ASSISTANCE | ) |
| CORPORATION OF AMERICA, et al. | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION TO PLAINTIFF'S REQUESTS FOR INJUNCTIONS**
**AND**
<u>**REQUEST FOR A HEARING**</u>

  Defendants CitiMortgage, Inc. ("CMI") and Karen Clark ("Clark") (hereinafter referred to collectively as "CitiMortgage"), by their attorneys, appear specially to oppose the plaintiff's requests for preliminary and other injunctive relief.  Clark specifically denies that she is subject to the jurisdiction of this Court, and denies that she is subject to personal jurisdiction for the claims asserted in the Complaint.  Reserving this personal jurisdiction defense, CitiMortgage respectfully submits that plaintiff is not entitled to injunctive relief.  Plaintiff has not shown that he is facing irreparable injury for which money damages are inadequate, or that he is likely to succeed on the merits of his claims.  Additionally, he has not made any showing of security.  CitiMortgage also respectfully requests an opportunity to be heard on plaintiff's Motions.

**BACKGROUND**

  Plaintiff has obtained a mortgage loan from CitiMortgage, but this loan was provided through the program that the co-defendant, Neighborhood Assistance Corporation of American ("NACA") controls (hereinafter the "Loan").  The Loan involved, *inter alia*, an escrow of funds

to complete rehabilitation work on real estate securing the mortgage loan at 3141 Buena Vista Terrace SE, Washington, D.C. 20020 (hereinafter the "Property"). The underlying dispute appears to involve questions about the rehabilitation work and whether plaintiff should be allowed to receive the escrowed funds *before* the rehabilitation work is done.

More specifically, plaintiff asserts that he purchased the Property with a "rehab loan" (the Loan) that he obtained through NACA on April 7, 2006. Complaint ¶10. The Loan provided for an escrow account to pay for the rehabilitation work and six months of mortgage payments. *Id*.

By August of 2006, plaintiff was dissatisfied with the work being done on the Property and arranged for the contractor to be paid and discharged. Complaint ¶11. Plaintiff had not, however, made arrangements for another contractor to complete the work. Instead, plaintiff asserts he submitted "paperwork" in September of 2006 to one of the co-defendants at NACA to change the scope and/or nature of the work that was being done on the Property. Complaint ¶12. Plaintiff then asserts that he received no reply to the "paperwork" he submitted. *Id*. Plaintiff then asserts that he did nothing until November of 2006, because his mortgage payment deferment was about to expire. Complaint ¶13. Significantly, plaintiff did not even begin to look for a new contractor until January of 2007. Complaint ¶16.

On the basis of these assertions, plaintiff has filed three (3) motions for injunctive relief, none of which are supported by a memorandum of facts, evidence, or legal authorities. Two Motions were filed in connection with the Complaint: Preliminary Injunction and Injunction.

In the Preliminary Injunction, plaintiff asks for two forms of relief: (1) that defendants be enjoined from reporting any negative credit information concerning the Property; and (2) that defendants be enjoined from foreclosing on the Property.

In the Injunction, plaintiff asks that the defendants be ordered to pay all money that is held in the escrow account to him. These funds are admittedly for the purpose of rehabilitating the Property. Complaint ¶10

In addition to the Preliminary Injunction and Injunction, plaintiff filed Preliminary Injunction 2 in connection with his "Amended Pleading." In Preliminary Injunction 2, plaintiff asks for the Court to compel defendants to provide written notification of their actions concerning the escrowed funds and for his request for a loan modification.

None of the requests for injunctive relief are supported by any evidence.

## ARGUMENT

Plaintiff's requests for injunctive relief should be denied, especially as to Clark. Clark is not subject to personal jurisdiction in this Court. She does not live in the District of Columbia, does not work in the District of Columbia, and has not done business here sufficient to subject her to the jurisdiction of this Court. *See* Affidavit of Karen Clark, attached hereto, ¶¶2-4.

None of the requests for injunctive relief are directed to Clark. *See* Preliminary Injunction, Injunction, and Preliminary Injunction 2. Clark does not control the reporting of credit information about the plaintiff. *Compare* Affidavit ¶5 *with* Preliminary Injunction. She does not control whether there is a foreclosure on the Property. *Compare* Affidavit ¶6 *with* Preliminary Injunction. She does not control the escrow funds for the rehabilitation of the Property. *Compare* Affidavit ¶7 *with* Injunction. She does not control the modification of the Loan. *Compare* Affidavit ¶8 *with* Preliminary Injunction 2.

The only apparent link of Ms. Clark to this case is her telephone call with plaintiff. *See* Complaint at ¶13 (last line – "Subsequently, Ms. Clark informed me that there was nothing CitiMortgage could do to help because NACA 'owned' the loan and CitiMortgage only

'serviced' the loan."). Even if this statement is true, and it is not true (*see* Affidavit at ¶¶9-10), that sole contact with plaintiff is insufficient to subject Ms. Clark to personal jurisdiction in this Court for any of the claims asserted by plaintiff, and insufficient for the purposes of imposing any kind of injunction against Ms. Clark. Indeed, Ms. Clark should be dismissed from this case.

More generally, nothing submitted by plaintiff demonstrates that he faces irreparable injury. Nothing submitted by plaintiff suggests that money damages are insufficient. Nothing suggests that plaintiff is even likely to succeed on the merits of any of his claims, or could even be entitled to any of the relief he has requested.

Plaintiff carries a heavy burden in seeking preliminary injunctive relief. *Power Mobility Coalition v. Leavitt*, 404 F. Supp. 2d 190, 204 (D.D.C. 2005) ("proving 'irreparable' injury is a considerable burden"). He has not even begun to carry his burden.

"The preliminary injunction is 'an extraordinary and drastic remedy' which should be granted with great caution." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "The basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Freemen v. Cavazos*, 756 F. Supp. 1, 2 (D.D.C. 1990) (*quoting Sampson v. Murray*, 415 U.S. 61, 88, 94 S.Ct. 937, 952 (1974)). An irreparable injury must be of a nature such that monetary damages are wholly inadequate. *Power Mobility Coalition v. Leavitt*, 404 F. Supp. 2d at 204 ("'Even more important, the plaintiff[]must show that the injury will be impossible to correct or redress after it occurs[.]'") (*quoting Foundation Health Fed Servs. v. United States*, 1993 WL 738426, *2 (D.D.C. Sept. 23, 1993)). Moreover, the plaintiff must show that his supposed injury is "'certain, great and actual – not theoretical – and imminent, creating a clear and present need for extraordinary equitable relief to prevent harm.'" *Power Mobility Coalition*, 404 F. Supp. 2d at 204 (*quoting Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.D.C. 1985)).

Moreover, irreparable injury is not enough.  Plaintiff must also show a substantial likelihood that it will ultimately prevail upon the merits.  *See Power Mobility Coalition*, 404 F. Supp. 2d at 196-203.  Plaintiff must also provide security.  Rule 65(c), Fed. R. Civ. P.; *Digital Equip. Corp. v. Emulex Corp.*, 805 F.2d 380, 383 (Fed. Cir. 1986).

Plaintiff has not supplied any evidence to carry his burden on any of these factors.  A careful analysis of the Motions and Complaint reveals why.  The gist of plaintiff's request for injunctive relief centers on the funds in the escrow account.  *See* Injunction and Preliminary Injunction 2.  Fundamentally, plaintiff wants the funds being held for the rehabilitation of the Property to be **released to him *before*** the work is done.  This is not only unreasonable, but especially inequitable in the context of motions for equitable relief, for many reasons:

1. Escrowed funds for construction work are not released to the borrower.  Rather, these kinds of funds are released directly to the contractor, or are released jointly to the contractor and borrower to ensure that materialman's liens are avoided for the Property.

2. Escrowed funds for construction work are not released before the work is done, either completely or in discrete stages.  Otherwise, there is a risk that the funds will be misused and not utilized to improve the Property.

Based upon the unsupported assertions in the Complaint and Amended Pleading, plaintiff wants to turn the world on its head.  He wants the funds held in escrow for rehabilitation of the Property released to him *before* the rehabilitation is done.  He wants this extraordinary relief, even though he did not make prompt arrangements in August of 2006, to have the rehabilitation work completed by another contractor.  Instead, he waited a month before he submitted "paperwork" for a change to his contract with NACA (September of 2006 – Complaint ¶12).  Then, plaintiff waited two more months to seek some sort of relief for having to make monthly

mortgage payments, assuming that his unsupported assertions are even true. Complaint ¶13. Plaintiff did not even begin "the time consuming process of" arranging for a new contractor until February of 2007. Complaint ¶16.

These circumstances do not show the kind of diligence and equitable circumstances that support the extraordinary relief of a preliminary injunction. These circumstances do not show that plaintiff is suffering irreparable injury that cannot be remedied by monetary damages. These circumstances do not even suggest that plaintiff is likely to succeed on any of his claims. These circumstances demonstrate that plaintiff's motions for injunctive relief should be denied.

### CONCLUSION

For the reasons stated above, all of plaintiff's motions for injunctive relief should be denied. He has not supplied any evidence to support his motions, let alone evidence sufficient to justify the award of extraordinary pre-judgment relief. He has not satisfied any of the criteria necessary for an award of equitable relief. To the contrary, his own unsupported assertions in the Complaint demonstrate that plaintiff is not entitled to equitable relief. Consequently, plaintiff's motions should be denied.

April 13, 2007

Respectfully submitted,

    /s/ David M. Souders
David M. Souders, Esq.
(DC Bar No. 441491)
Bruce E. Alexander, Esq.
(D.C. Bar No. 494470)
WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street, N.W. 5th fl.
Washington, DC  20036
(202) 628-2000

                                                      Attorneys for CitiMortgage and Clark
Appearing specially and without waiving the
defense of no personal jurisdiction

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 13th day of April, 2007, that copies of the foregoing Opposition to Plaintiff's Requests for Injunctions and Request For A Hearing were mailed first class postage prepaid and addressed to the following:

| | |
|---|---|
| Milton Nelson Ward III<br>3141 Buena Vista Terrace SE<br>Apt. 3<br>Washington, DC  20020 | Neighborhood Assistance Corporation of America<br>and<br>Bruce Marks, President<br>43 Sheridan Street<br>Boston, MA  02130 |
| Tammy Johnson<br>NACA HAND Director<br>and<br>Jason Tinoco<br>NACA Senior HAND Coordinator<br>4219 McCullough<br>San Antonio, TX  78212 | |

                                                      /s/ David M. Souders
                                                      David M. Souders

F:\96063\033\lbea2402InjuncOppv2.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON NELSON WARD, III, <br><br> Plaintiff, <br><br> v. <br><br> NEIGHBORHOOD ASSISTANCE <br> CORPORATION OF AMERICA, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07- 00413 (RBW) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### **AFFIDAVIT OF KAREN J. CLARK**

1. My name is Karen J. Clark. I am over 21 years of age, and am competent to testify to the matters stated below, based upon my personal knowledge. I make this Affidavit willingly, and without inducements or promises of any sort.

2. I am an employee of CitiMortgage, Inc., and work in its principal offices in O'Fallon, Missouri.

3. I do not live in the District of Columbia, and have never lived in the District of Columbia.

4. I do not work in the District of Columbia, and have never worked in the District of Columbia. I have never done business in the District of Columbia.

5. My responsibilities at CitiMortgage do *not* include the reporting of credit information about the plaintiff, Milton Ward.

6. My responsibilities at CitiMortgage do *not* include determining whether to foreclose on the property securing the loan to Mr. Ward.

7. My responsibilities at CitiMortgage do *not* include control over the escrow funds for the rehabilitation of the property owned by Mr. Ward.

8. My responsibilities at CitiMortgage do *not* include determining whether to modify the mortgage loan to Mr. Ward.

9. My only contact with Milton Ward, the plaintiff in this lawsuit, was over the phone on December 20, 2006. On that day he called me on two occasions. On both occasions I informed him that his information and request for assistance in making his mortgage loan repayments had been forwarded to Ms. Epps at the Neighborhood Assistance Corporation of America ("NACA"). During the second telephone call, I provided Mr. Ward with the telephone number for Ms. Epps.

10. I can state, unequivocally, that I *never* told Mr. Ward that NACA "owned" his mortgage loan. I can only assume that Mr. Ward erroneously inferred that NACA owned his mortgage loan because I did tell Mr. Ward that he would need to work with NACA and get NACA's approval for any arrangements to help him make his mortgage repayments.

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY, that the foregoing information is true and correct and is based upon my personal knowledge.

_Karen J. Clark_
Karen J. Clark

Dated: _April 13, 2007_

F:\96063\033\lbea2403ClarkAffidv1.doc